**David P. Rossmiller, Montana Bar No. 11765**
Email: drossmiller@chartwelllaw.com
THE CHARTWELL LAW OFFICES, LLP
1050 SW 6th Avenue, Ste. 1100
Portland, OR 97204
Telephone: 503-886-8108
Facsimile: 503-961-7864

*Attorneys for State Farm Fire
and Casualty Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Company,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM H. CLARKE, an individual,<br><br>Defendant. | CASE NO.<br><br>COMPLAINT<br>(Declaratory Judgment) |

Plaintiff, State Farm Fire and Casualty Company ("State Farm"), brings this complaint for declaratory judgment against defendant William H. Clarke ("Clarke") under 28 U.S.C. § 2201 alleging as follows:

**PARTIES**

1. State Farm Fire and Casualty Company is an Illinois company with its principal place of business in Bloomington, Illinois. Therefore, State Farm is a

Page 1 - COMPLAINT

citizen of Illinois. At all relevant times, State Farm has been licensed and registered to write certain lines of insurance in Montana.

2. Upon information and belief, William H. Clarke is an individual who is currently domiciled, and at all relevant times has been domiciled, in Missoula County, Montana. Therefore, upon information and belief, Clarke is a citizen of Montana.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the federal diversity jurisdiction statue.

4. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs because State Farm is providing a defense to Clarke in the Underlying Lawsuit (defined below) and defense fees and costs, upon information and belief, will exceed the sum of $75,000; because upon information and belief the amount sought by the underlying claimant against Clarke in the Underlying Lawsuit is in excess of $75,000; and because the policy limits of the two State Farm policies issued to Clarke exceed $75,000.

5. Venue is proper in this court under 28 U.S.C. § 1391(b) because at least one defendant is domiciled in this District, because a substantial part of the events giving rise to the claim occurred in this District and because the insurance was issued in this District.

## THE RELEVANT INSURANCE POLICIES

6.     William H. Clarke is a named insured on State Farm Homeowners Policy number 26-02-5799-2, with effective dates from October 8, 2019, until October 8, 2020 (the "Homeowners Policy"). The Location of the Residence Premises listed in the Homeowners Policy is 1330 Lower Lincoln Hills Drive, Missoula, Montana 59802-3340. The Homeowners Policy has a Personal Liability (Each Occurrence) limit of $100,000. A true and accurate copy of the Homeowners Policy is attached to this Complaint as Exhibit 1. The Homeowners Policy is incorporated in this Complaint as if referenced in full herein.

7.     The Homeowners Policy contains the following insuring agreement – Coverage L – Personal Liability:

> **COVERAGE L - PERSONAL LIABILITY**
>
> If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:
>
> 1. pay up to our limit of liability for the damages for which the **insured** is legally liable. **We** will not pay for criminal restitution; and
>
> 2. provide a defense at **our** expense by counsel of our choice. **We** may make any investigation and settle any claim or suit that we decide is appropriate. **Our** obligation to defend any claim or suit ends when the amount **we** pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability. **We** will not provide a defense to any insured for criminal prosecution or proceedings.

8. The Homeowners Policy defines "bodily injury" as follows:

> **"bodily injury"** means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting therefrom.
>
> **Bodily injury** does not include:
>
> \*\*\*
>
> c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

9. The Homeowners Policy defines an "occurrence" as follows:

> **"occurrence"**, when used in Section II of this policy, means an accident, including accidental exposure to conditions, which first results in:
>
> a. **bodily injury**; or
>
> b. **property damage**;
>
> during the policy period. All **bodily injury** and **property damage** resulting from one accident, series of related accidents or from continuous and repeated exposure to the same general conditions is considered to be one **occurrence**.

10. The Homeowners Policy contains the following relevant exclusions:
    1. Coverage L and Coverage M do not apply to:

> a. **bodily injury** or **property damage** that:
>
> (1) was a result of a:
>
> > (a) willful and malicious; or
> >
> > (b) criminal;
>
> act or omission of the **insured**;
>
> (2) was intended by the **insured**; or

> (3) would have been expected by the **insured** based on a reasonable person standard.
>
> However, exclusions a.(2) and a.(3) above do not apply to **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property.
>
> Exclusions a.(1), a.(2), and a.(3) above apply to all **bodily injury** or **property damage** even if the:
>
>> (1) **bodily injury** or **property damage** was sustained by a different person, entity, or property than was expected or intended;
>>
>> (2) **bodily injury** or **property damage** was of a different kind, quality, or degree than was expected or intended;
>>
>> (3) **insured** lacked the mental capacity to control his or her conduct;
>>
>> (4) **insured** was not charged with or convicted of a criminal act or omission; or
>>
>> (5) **insured** was impaired by drugs or alcohol;

11. William H. Clarke also is a named insured on State Farm Personal Liability Umbrella Policy No. 26-BY-7780-8, with effective dates from July 24, 2019, until July 24, 2020 (the "Umbrella Policy"). The Umbrella Policy has a Personal Liability limit of $1,000,000. A true and accurate copy of the Umbrella Policy is attached to this Complaint as Exhibit 2. The Umbrella Policy is incorporated in this Complaint as if referenced in full herein.

/ / /

/ / /

/ / /

12. The Umbrella Policy contains the following insuring agreement:

   **COVERAGE L - PERSONAL LIABILITY**

   If a claim is made or suit is brought against an insured for damages because of a loss for which the insured is legally liable and to which this policy applies, we will pay on behalf of the insured, the damages that exceed the retained limit. The most we will pay for such loss is the Coverage L Limit of Liability, as shown on the declarations page, regardless of the number of insureds who may be liable, claims made, or persons injured.

   **Defense**

   If a suit is brought against any insured for damages because of a loss to which this policy applies, we will provide a defense to the insured at our expense by counsel of our choice when the basis for the suit is a loss that is not covered by any other insurance policy but is covered by this policy. We have no duty to defend any claim or suit after we tender deposit in court, or pay the amount due under this policy.

13. The Umbrella Policy defines "loss" as follows:

   "loss" means:

   a. an accident, including accidental exposure to conditions, which first results in bodily injury or property damage during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one loss; or

   b. the commission of an offense which first results in personal injury during the policy period. A series of similar or related offenses is considered to be one loss.

14. The Umbrella Policy defines "bodily injury" as follows:

   "bodily injury" means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting therefrom.

/ / /

Page 6 - COMPLAINT

Bodily injury does not include:

\*\*\*

c.   emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury or any resulting physical injury unless it arises out of actual physical injury to some person; or

d.   personal injury

15. The Umbrella Policy defines "personal injury" as follows:

"personal injury" means injury other than bodily injury arising out of one or more of the following offenses:

a. false arrest, false imprisonment, wrongful eviction, wrongful detention of a person;

b. abuse of process, malicious prosecution;

c. libel, slander, defamation of character; or

d. invasion of a person's right of private occupancy by physically entering into that person's personal residence.

16. The Umbrella Policy includes the following exclusions providing that it does not apply to Loss for:

> 14. bodily injury or property damage which is:
>
>> a. either expected or intended by the insured; or
>>
>> b. the result of any willful and malicious act of the insured;

17. The Umbrella Policy also includes the following exclusion providing that it does not apply to Loss for:

> 17. personal injury when the insured acts with specific intent to cause any harm;

## COMMON ALLEGATIONS

18. On December 22, 2020, Clarke pleaded guilty to Assault with Weapon, a violation of MCA §45-5-213, and was given a six-year deferred sentence and placed on probation by the Montana Fourth Judicial Court, Missoula County. A true and accurate copy of the guilty plea is attached hereto as Exhibit 3.

19. Pursuant to MCA §45-5-213 Assault with Weapon:

(1) A person commits the offense of assault with a weapon if the person purposely or knowingly causes:

    (a)   bodily injury to another with a weapon; or

    (b)   reasonable apprehension of serious bodily injury in another by use of a weapon or what reasonably appears to be a weapon.

(2)    (a) Subject to the provisions of subsection (2)(b), a person convicted of assault with a weapon shall be imprisoned in the state prison for a term not to exceed 20 years or be fined not more than $50,000, or both.

    (b)   In addition to any sentence imposed under subsection (2)(a), if the person convicted of assault with a weapon is a partner or family member of the victim, as defined in 45-5-206, the person is required to pay for and complete a counseling assessment as required in 45-5-206(4).

20. Clarke's criminal guilty plea and six-year deferred sentence for a single felony count arose out of Clarke shooting his neighbor's son, Robert D. Sain ("Sain"), with a high-powered pellet rifle on March 28, 2020.

21. Subsequently, on or about August 6, 2021, Sain brought a lawsuit against Clarke titled *Robert D. Sain v. William H. Clarke*, which is cause

number DV-21-978, Montana Fourth Judicial District Court, Missoula County, which lawsuit was subsequently amended on or about September 17, 2021. The Amended Complaint is the operative pleading and is referred to herein as the "Underlying Lawsuit." Copies of the original Complaint and Amended Complaint are attached to this Complaint as Exhibits 4 and 5, respectively. All allegations of the original Complaint and Amended Complaint are incorporated in this Complaint as if referenced in full herein.

22.  The Underlying Lawsuit seeks damages, including punitive damages, for "bodily injury, lost wages, lost 401k benefits, lost healthcare plan benefits, incurred medical bills and continued health repercussions."

23.  Sain alleged in the Underlying Lawsuit that Clarke shot him with a "high-powered air rifle" that he was "struck in the shoulder and attempted to retreat further onto his family's property, but Defendant Clarke followed him and continued to shoot the air rifle, hitting Robert twice more."

24.  State Farm is presently providing a defense to Clarke under a full reservation of rights.

25.  The parties' rights and obligations under the Homeowners and Umbrella Policies, specifically whether State Farm has a duty to defend or indemnify Clarke against the claims alleged against him in the Underlying Lawsuit, is the subject of this action.

## FIRST CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT – DUTY TO DEFEND)

26.   State Farm realleges and incorporates by reference all previous paragraphs.

27.   An actual and justiciable controversy exists between State Farm and Clarke related to whether State Farm has a duty to defend Clarke in the Underlying Lawsuit under the Homeowners and Umbrella Policies. Namely, State Farm does not believe it owes a duty to defend Clarke under either the Homeowners or Umbrella Policy, but Clarke apparently believes he is owed a defense from State Farm.

28.   State Farm has no duty to defend Clarke under the Homeowners Policy because, among other reasons:

a.   The Underlying Lawsuit alleges damages only for Clarke's intentional conduct, which conduct is not accidental, and does not constitute "bodily injury" caused by an "occurrence," as defined in the Homeowners Policy;

b.   Exclusion 1.a.(1)(a) bars coverage for all the alleged damages in the Underlying Lawsuit because they allegedly result from Clarke's willful and malicious acts;

/ / /

/ / /

    c.    Exclusion 1. a.(1)(b) bars coverage for all the alleged damages in the Underlying Lawsuit because they allegedly result from Clarke's criminal acts or omissions;

    d.    Exclusion 1.a.(2) bars coverage for all the alleged damages in the Underlying Lawsuit because said damages were intended by the insured;

    e.    Exclusion 1.a.(3) bars coverage for all the alleged damages in the Underlying Lawsuit because said damages would have been expected by the insured based upon a reasonable person standard; and

    f.    Intentional wrongdoing is not insurable pursuant to Montana public policy.

29.    State Farm has no duty to defend Clarke under the Umbrella Policy because, among other reasons:

    a.    The Underlying Lawsuit alleges only damages that are the result of intentional conduct by Clarke, which was not accidental, and does not constitute "Loss," as defined in the Umbrella Policy;

    b.    Exclusion 14 bars coverage for all the alleged damages in the Underlying Lawsuit because said damages were expected or intended;

    c.    Exclusion 14 bars coverage for all the alleged damages in the Underlying Lawsuit because said damages allegedly result from Clarke's willful and malicious acts;

  d. Intentional wrongdoing is not insurable pursuant to Montana public policy;

  e. Additionally, the Underlying Lawsuit does not allege any damages as a result of "personal injury," as defined in the Umbrella Policy; and

  f. Further and in the alternative, to the extent the Underlying Lawsuit alleges any liability for "personal injury," any such liability is excluded by Exclusion 17 because Clarke allegedly acted with specific intent to cause harm.

30. 33-15-317 MCA precludes insurance coverage as a matter of law for any punitive damages unless a policy expressly states that such damages are covered and, here, neither the Homeowners Policy nor the Umbrella Policy expressly cover punitive damages.

31. State Farm reserves the right to rely on any provision of the Homeowners Policy and the Umbrella Policy regarding the duty to defend.

32. Pursuant to 28 U.S.C. § 2201, State Farm is entitled to a declaration by this Court of its rights and duties related to the defense of Clarke under the Homeowners Policy and the Umbrella Policy.

/ / /

/ / /

## SECOND CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT – DUTY TO INDEMNIFY)

33.  State Farm realleges and incorporates by reference all previous paragraphs.

34.  An actual controversy exists between State Farm and Clarke relating to whether State Farm has a duty to indemnify Clarke against the Underlying Lawsuit pursuant to the Homeowners Policy and the Umbrella Policy. Namely, State Farm does not believe it owes a duty to indemnify Clarke under either the Homeowners Policy or the Umbrella Policy, but Clarke apparently believes he is owed indemnity from State Farm, to the extent Clarke may be assessed liability in the Underlying Lawsuit.

35.  State Farm can have no duty to indemnify Clarke for any liability alleged in the Underlying Lawsuit pursuant to the Homeowners Policy because, among other reasons:

　　a.  The Underlying Lawsuit alleges damages only for Clarke's intentional conduct, which conduct does not constitute "bodily injury" because of an "occurrence," as defined with respect to Coverage L - Liability;

　　b.  Exclusion 1.a.(1)(a) bars coverage for all the alleged damages in the Underlying Lawsuit because they allegedly result from Clarke's willful and malicious acts;

/ / /

Page 13 - COMPLAINT

  c. Exclusion 1.a.(1)(b) bars coverage for all the alleged damages in the Underlying Lawsuit because they allegedly result from Clarke's criminal acts or omissions;

  d. Exclusion 1.a.(2) bars coverage for all the alleged damages in the Underlying Lawsuit because said damages were intended by the insured;

  e. Exclusion 1.a.(3) bars coverage for all the alleged damages in the Underlying Lawsuit because said damages would have been expected by the insured based upon a reasonable person standard;

  f. Intentional wrongdoing is not insurable pursuant to Montana public policy; and

  g. 33-15-317 MCA precludes insurance coverage as a matter of law for any punitive damages unless a policy expressly states that such damages are covered and, here, the Homeowners Policy does not expressly cover punitive damages.

36. Clarke cannot have any rights to indemnity payments under the Homeowners Policy because State Farm does not have a duty to indemnify Clarke for damages assessed against him in the Underlying Lawsuit, if any, for the reasons stated above.

///

///

37. State Farm can have no duty to indemnify Clarke for any liability alleged in the Underlying Lawsuit pursuant to the Umbrella Policy because, among other reasons:

    a. The Underlying Lawsuit seeks only damages that are the result of alleged intentional conduct, which was not accidental, and does not constitute "Loss," as defined in Umbrella Policy;

    b. Exclusion 14.a. bars coverage for all the damages in the Underlying Lawsuit because said damages were expected or intended;

    c. Exclusion 14.b. bars coverage for all the damages in the Underlying Lawsuit because said damages allegedly result from Clarke's willful and malicious acts;

    d. Additionally, the Underlying Lawsuit does not allege any damages as a result of "personal injury," as defined in the Umbrella Policy;

    e. Further and in the alternative, and to the extent the Underlying Lawsuit alleges any liability for "personal injury," any such liability is excluded by Exclusion 17. because Clarke allegedly acted with specific intent to cause harm;

    f. Intentional wrongdoing is not insurable pursuant to Montana public policy; and

/ / /

  g. 33-15-317 MCA precludes insurance coverage as a matter of law for any punitive damages unless a policy expressly states that such damages are covered and, here, the Umbrella Policy does not expressly cover punitive damages.

38. Clarke cannot have any rights to indemnity payments under the Umbrella Policy because State Farm does not have a duty to indemnify Clarke for any damages that may be assessed against him in the Underlying Lawsuit, if any, as alleged therein, for the reasons stated above.

39. State Farm reserves the right to rely on any provision of the Homeowners Policy or Umbrella Policy regarding the duty to indemnify.

40. Pursuant to 28 U.S.C. § 2201, State Farm is entitled to a declaration by this Court of its rights and duties related to the potential indemnity of Clarke under the Homeowners Policy and Umbrella Policy.

WHEREFORE, State Farm prays for judgment as follows:

1. A declaration that State Farm does not owe Clarke a defense against the Underlying Lawsuit pursuant to the Homeowners Policy or the Umbrella Policy;

2. A declaration that State Farm does not owe Clarke for any potential indemnity against the damages sought in the Underlying Lawsuit pursuant to the Homeowners Policy or the Umbrella Policy;

3. A declaration that Clarke is bound by the Court's determination in this lawsuit; and

4. For such other relief that the Court deems just and proper.

DATED this 28th day of April, 2022.

        THE CHARTWELL LAW OFFICES, LLP

        By /s/ *David P. Rossmiller*
        **David P. Rossmiller, Bar No. 11765**
        Email: drossmiller@chartwelllaw.com
        1050 SW 6th Avenue, Ste. 1100
        Portland, OR 97204
        Telephone: 503-886-8108
        Facsimile: 503-961-7864

        *Attorneys for Plaintiff State Farm Fire and Casualty Company*